| United States District Court<br>Eastern District of Michigan | Bankruptcy Matter<br>Civil Case Cover Sheet | District Court Label |
|---|---|---|

12

**In re:**
Larry R. Garon
v.
Orley, et. al.

**Case No.:** Adv Proc. 09-06786

Case: 2:09-cv-14976
Judge: Cleland, Robert H
MJ: Hluchaniuk, Michael
Filed: 12-23-2009 At 08:57 AM
BK app garon v. orley, et al (tam)

Name, Address & Telephone Number of Attorney for filing party
Paula A. Hall
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward Avenue, Suite 460
Birmingham, MI 48009
248-971-1800

**CAUSE OF ACTION/NATURE OF SUIT:** (This matter is referred to the district court for the following reasons)

| | | |
|---|---|---|
| ____ | [422] 28 U.S.C. 158 | Bankruptcy Appeal |
| ____ | [422] 28 U.S.C. 158 | Motion for Leave to Appeal |
| X | [423] 28 U.S.C. 157(d) | Motion for Withdrawal of Reference |
| ____ | [423] 28 U.S.C. 157(c) (1) | Proposed Findings of Fact and Conclusions of Law |
| ____ | [423] 28 U.S.C. 158 (c) (a) | Order of Contempt |

Date: 12/18/09

/s/ Name: /s/ Paula A. Hall

---

**Bankruptcy Staff Use Only**

**Please check as appropriate pursuant to LF 83.50(e)**

____ There is a previous civil matter in this bankruptcy case. That matter was given civil case number _____ and assigned to District Judge _____.

✓ This is a new matter and not previously assigned to a district court judge.

12-21-09

Clerk

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **In Re:** | Case No. 09-73516 |
| | Chapter 11 |
| LARRY R. GARON, | Hon. Steven W. Rhodes |
| Debtor. / | |
| | |
| LARRY R. GARON, Debtor-in-Possession, | Adversary Case No. 09-06786 |
| Plaintiff/Counter-Defendant, | |
| v. | |
| GREGG ORLEY, ROBERT ORLEY, BAY VILLAGE OF TRENTON, LLC, a Michigan Limited Liability Company, HC MANAGEMENT, INC., a Michigan S-Corporation, J.R.I. COMPANY, a Michigan corporation, MICHIGAN MEADOWS GOLF, LLC, a Michigan Limited Liability Company, MILAN COMMERCIAL, LLC, a Michigan Limited Liability Company, REI BELMONT, LLC, a Michigan Limited Liability Company, REI BROWNSTONE, LLC, a Michigan Limited Liability Company, REI EAST COURSE 4, LLC, a Michigan Limited Liability Company, REAL ESTATE INTERESTS GROUP, INC., a Michigan S-Corporation, SALT RIVER LIMITED PARTNERSHIP, a Michigan Limited Partnership, SYDNEY, LLC, a Michigan Limited Liability Company, TECHNOLOGY MANAGEMENT GROUP, LLC, a Michigan Limited Liability Company, WHRJ, LLC, a Michigan Limited Liability Company, WHRJ4, LLC, a Michigan Limited Liability Company, YORK VENTURES, LLC, a Michigan Limited Liability Company, | JURY TRIAL DEMANDED **MOTION TO WITHDRAW THE REFERENCE** |
| Defendants/Counter-Plaintiffs. / | |

## MOTION TO WITHDRAW THE REFERENCE

Now come the above-captioned Defendants/Counter-Plaintiffs, through their undersigned counsel, and for their Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) and (e), and Rule 5011 of the Federal Rules of Bankruptcy Procedure state as follows:

### INTRODUCTION

1. On October 30, 2009 (the "Petition Date"), Larry R. Garon ("Garon" or the "Debtor") filed his voluntary petition for relief under chapter 11 of Title 11 United States Code (the "Bankruptcy Code"). The Debtor is continuing in possession of his assets and is managing his affairs as a "debtor-in-possession" pursuant to section 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtor commenced this adversary proceeding by filing a Complaint, as amended, against the Defendants/Counter-Plaintiffs seeking to recover approximately $4 million in purported loans and additional damages (the "Adversary Proceeding").

3. The Defendants/Counter-Plaintiffs filed their Answer to the Amended Complaint, Affirmative Defenses, Counterclaims and Jury Demand. Among other Counterclaims asserted against Garon, Defendants/Counter-Plaintiffs assert claims of fraud and breach of contract.

4. In connection with their Answer and Jury Demand, the Defendants/Counter-Plaintiffs request by this Motion that the reference of this Adversary Proceeding to the Bankruptcy Court be withdrawn.

### LAW AND DISCUSSION

5. The District Court has original but not exclusive jurisdiction over all civil proceedings arising in or related to cases under the Bankruptcy Code in the Eastern District of Michigan. *See* 28 U.S.C. § 1334(b).

2

6. The District Court is authorized to refer any and all proceedings arising in or related to a case under Title 11 to the Bankruptcy Court. *See* 28 U.S.C. § 157(a). The Bankruptcy Court hears these cases pursuant to a standing order that refers all Title 11 cases to the Bankruptcy Court. *See* L.R. 83.50(a)(1).

7. Pursuant to 28 U.S.C. § 157(d) the reference to the Bankruptcy Court may be withdrawn. 28 U.S.C. § 157(d) provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

8. Neither 28 U.S.C. § 157(d) nor the Sixth Circuit have defined "cause shown" regarding the withdrawal of the reference. *In re Skyline Concrete Floor Corp.*, 2008 WL 114462 (Bankr. E.D. Mich. Jan. 8, 2008).

9. However, the two factors routinely considered to establish "cause shown" are the right to a jury trial and the facilitation of the efficient use of judicial resources. *See In re Skyline Concrete Floor Corp.* (citing *Venture Holdings Co., LLC. v. Millard Design Australia Pty., Ltd.*, 2006 U.S. Dist. LEXIS 12776, 2006 WL 800806 (E.D. Mich. March 6, 2006)); and *In Re Pruitt,* 910 F.2d 1160, 1168 (3rd Cir. 1990).

10. Case law establishes that a defendant's inviolate right to a jury trial and the absence of consent to allow the bankruptcy court to conduct the trial constitute cause to withdraw the proceeding pursuant to 28 U.S.C. § 157(d). *See generally Matter of Grabill Corp.*, 967 F.2d 1152, 1156 (7th Cir. 1992).

11. A bankruptcy judge may only conduct a jury trial with the express consent of the parties. "If the right to a jury trial applies in a proceeding that may be heard . . . by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and **with the express consent of all parties.**"
28 U.S.C. § 157(e) (emphasis added).

12. Notwithstanding, a creditor's filing of a claim against the bankruptcy estate "triggers the process of allowance and disallowance of claims," thereby subjecting the creditor to the equitable powers of the bankruptcy court. *Langenkamp v. Culp*, 498 U.S. 42, 44-45, 11 S.Ct. 330, 331 (1990) (other citations omitted); *see also, In re A.P. Liquidating Co.*, 350 B.R. 752 (Bankr. E.D. Mich. 2006).

13. A creditor may demand a jury trial in a plenary action that involves a legal claim for money damages. *See generally, In re Silver Mill Frozen Foods, Inc.*, 80 B.R. 848 (Bankr. W.D. Mich. 1987) (citing *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 94-95, 53 S.Ct. 50, 51 (1932)).

14. Applying the reasoning of the referenced case law, cause exists to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court.

15. First, this is a plenary action that involves a legal claim for money damages and Defendants/Counter-Plaintiffs have properly and timely demanded a jury trial.

16. Second, Defendants/Counter-Plaintiffs do not consent to the bankruptcy judge conducting a jury trial pursuant to 28 U.S.C. § 157(e) or any other applicable Bankruptcy Rule.

17. Third, permitting the Bankruptcy Court to oversee pretrial motions and otherwise prepare for a trial that the Bankruptcy Court cannot ultimately preside over would be an inefficient use of judicial resources. In the interest of judicial economy, the reference to the Bankruptcy Court should be withdrawn immediately.

4

18. Accordingly, based upon Defendants/Counter-Plaintiffs' demand for a jury trial, combined with their lack of consent to Bankruptcy Court jurisdiction over a jury trial, cause exists for the District Court to exercise jurisdiction over the instant action pursuant to 28 U.S.C. § 157(d).

WHEREFORE for the reasons stated herein, the Defendants/Counter-Plaintiffs request that the reference of this Adversary Proceeding to the Bankruptcy Court be withdrawn.

Date:  December 17, 2009

Respectfully submitted,

**Brooks Wilkins Sharkey & Turco, PLLC**

By: /s/ Paula A. Hall
Matthew E. Wilkins (P56697)
Paula A. Hall (P61101)
401 S. Old Woodward Avenue, Ste 460
Birmingham, MI  48009
(248) 971-1800; Fax: (248) 971-1801
wikins@bwst-law.com; hall@bwst-law.com

*Counsel for the Defendants/Counter-Plaintiffs*

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **In Re:** | Case No. 09-73516 |
| | Chapter 11 |
| LARRY R. GARON, | Hon. Steven W. Rhodes |
| Debtor. | |
| _____/ | |
| LARRY R. GARON, Debtor-in-Possession, | Adversary Case No. 09-06786 |
| Plaintiff/Counter-Defendant, | |
| v. | |
| GREGG ORLEY, ROBERT ORLEY, BAY VILLAGE OF TRENTON, LLC, a Michigan Limited Liability Company, HC MANAGEMENT, INC., a Michigan S-Corporation, J.R.I. COMPANY, a Michigan corporation, MICHIGAN MEADOWS GOLF, LLC, a Michigan Limited Liability Company, MILAN COMMERCIAL, LLC, a Michigan Limited Liability Company, REI BELMONT, LLC, a Michigan Limited Liability Company, REI BROWNSTONE, LLC, a Michigan Limited Liability Company, REI EAST COURSE 4, LLC, a Michigan Limited Liability Company, REAL ESTATE INTERESTS GROUP, INC., a Michigan S-Corporation, SALT RIVER LIMITED PARTNERSHIP, a Michigan Limited Partnership, SYDNEY, LLC, a Michigan Limited Liability Company, TECHNOLOGY MANAGEMENT GROUP, LLC, a Michigan Limited Liability Company, WHRJ, LLC, a Michigan Limited Liability Company, WHRJ4, LLC, a Michigan Limited Liability Company, YORK VENTURES, LLC, a Michigan Limited Liability Company, | JURY TRIAL DEMANDED<br><br>**ORDER GRANTING DEFENDANTS/COUNTER-PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE** |
| Defendants/Counter-Plaintiffs. | |
| _____/ | |

This matter having come before the Court on the above-captioned Defendants/Counter-Plaintiffs' Motion to Withdraw the Reference pursuant to 28 U.S.C. § 157(d) and (e) and Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Motion"); it is hereby

ORDERED that the Motion is GRANTED and the reference of this matter to the Bankruptcy Court is withdrawn and this matter shall be heard by this Court.

_____
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LARRY R. GARON,

       Debtor.
_____/

Case No. 09-73516
Chapter 11
Hon. Steven W. Rhodes

LARRY R. GARON, Debtor-in-Possession,

       Plaintiff/Counter-Defendant,

v.

GREGG ORLEY, ROBERT ORLEY, BAY VILLAGE
OF TRENTON, LLC, a Michigan Limited Liability
Company, HC MANAGEMENT, INC., a Michigan
S-Corporation, J.R.I. COMPANY, a Michigan
corporation, MICHIGAN MEADOWS GOLF, LLC,
a Michigan Limited Liability Company, MILAN
COMMERCIAL, LLC, a Michigan Limited Liability
Company, REI BELMONT, LLC, a Michigan Limited
Liability Company, REI BROWNSTONE, LLC, a Michigan
Limited Liability Company, REI EAST COURSE 4, LLC,
a Michigan Limited Liability Company, REAL ESTATE
INTERESTS GROUP, INC., a Michigan S-Corporation,
SALT RIVER LIMITED PARTNERSHIP, a Michigan
Limited Partnership, SYDNEY, LLC, a Michigan Limited
Liability Company, TECHNOLOGY MANAGEMENT
GROUP, LLC, a Michigan Limited Liability Company,
WHRJ, LLC, a Michigan Limited Liability Company,
WHRJ4, LLC, a Michigan Limited Liability Company,
YORK VENTURES, LLC, a Michigan Limited Liability
Company,

       Defendants/Counter-Plaintiffs.
_____/

Adversary Case No. 09-06786

NOTICE OF MOTION TO
WITHDRAW THE REFERENCE

## NOTICE OF MOTION TO WITHDRAW THE REFERENCE

**PLEASE TAKE NOTICE** that Defendants have filed a Motion to Withdraw the Reference (the "Motion").

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to enter an order granting the Motion or if you want the Court to consider your views on the Motion, **within 15 days**, you or your attorney must:

1. File with the Court a written objection, together with a proof of service, explaining your position at:
United States Bankruptcy Court
211 W. Fort Street
Detroit, Michigan 48226-3211

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

2. Mail a copy of your objection to:
Paula A. Hall, Brooks Wilkins Sharkey & Turco PLLC, Attorney Defendants, 401 S. Old Woodward Avenue, Suite 460, Birmingham, MI 48009.

If an objection is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

Dated: December 17, 2009                                  Respectfully submitted,

                                              By:    /s/ Paula A. Hall
                                                     Brooks Wilkins Sharkey & Turco, PLLC
                                                     Matthew E. Wilkins  (P56697)
                                                     Paula A. Hall (P61101)
                                                     401 S. Old Woodward Avenue, Suite 460
                                                     Birmingham, Michigan  48009
                                                     (248) 971-1800 – Phone
                                                     (248) 971-1801 - Facsimile
                                                     wilkins@bwst-law.com
                                                     hall@bwst-law.com

                                                     **Attorneys for Defendants**

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In Re:**  Case No. 09-73516
  Chapter 11
LARRY R. GARON,  Hon. Steven W. Rhodes

      Debtor.

_____/

LARRY R. GARON, Debtor-in-Possession,

      Plaintiff,  Adv. Proc. No. 09-06786

v.

GREGG ORLEY, ROBERT ORLEY, BAY VILLAGE
OF TRENTON, LLC, a Michigan Limited Liability
Company, HC MANAGEMENT, INC., a Michigan
S-Corporation, JRI COMPANY, a Michigan Limited
Liability Company, MICHIGAN MEADOWS GOLF, LLC,  **CERTIFICATE OF SERVICE**
a Michigan Limited Liability Company, MILAN
COMMERCIAL, LLC, a Michigan Limited Liability
Company, SALT RIVER LIMITED PARTNERSHIP, a
Michigan Limited Partnership, REI BELMONT, LLC, a
Michigan Limited Liability Company, REI
BROWNSTONE, LLC, a Michigan Limited Liability
Company, REI EAST COURSE 4 LLC, a Michigan
Limited Liability, REAL ESTATE INTERESTS GROUP
INC., a Michigan S-Corporation, SYDNEY, LLC, a Michigan
Limited Liability Company, TECHNOLOGY
MANAGEMENT GROUP, LLC, a Michigan Limited Liability
Company, WHRJ, LLC, a Michigan Limited Liability Company,
WHRJ4, LLC, a Michigan Limited Liability Company, YORK
VENTURES, LLC, a Michigan Limited Liability
Company,

      Defendants
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2009, I electronically filed the *Motion to Withdraw the Reference* with the Clerk of the Court using the ECF system which will send notification of such filing.

/s/ Paula A. Hall
Paula A. Hall  (P61101)
Brooks Wilkins Sharkey & Turco PLLC
401 S. Old Woodward Avenue, Suite 460
Birmingham, MI  48009
248-971-1800
248-971-1801 – Facsimile
hall@bwst-law.com